**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **Joshua Millstein d/b/a SpillNot,** | |
| Plaintiffs, | **Case No. 1:21-cv-003799** |
| v. | **Judge Charles P. Kocoras** |
| **The Entities and Individuals Identified In Annex A,** | **Magistrate Judge Young B. Kim** |
| Defendants. | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS <u>PURSUANT TO FED. R. CIV. P. 10(b), 12(b)(2) AND 12(b)(6)</u>**

## Table of Contents

I.   INTRODUCTION .................................................................................................1

II.  FACTUAL BACKGROUND ................................................................................2

III. LEGAL AUTHORITY ........................................................................................3

   A. Personal Jurisdiction .....................................................................................3

   B. Rule 10(b) and 12(b)(6) Motion to Dismiss .................................................4

IV. ARGUMENTS .....................................................................................................5

   A. This Court Lacks General Jurisdiction Over Defendants. ............................6

   B. This Court Lacks Specific Jurisdiction Over Defendants .............................8

   C. The Complaint Fails to State a Claim Upon Which Relief Can Be Granted. ...................10

      a.     Plaintiff's Pleading Violates Rule 10. ........................................10

      b.     Plaintiff's Federal Trademark Infringement Claim Must Be Dismissed Under Rule 12(b)(6). .........................12

      c.     Plaintiff's Federal Trademark Counterfeiting Claim Must Be Dismissed Under Rule 12(b)(6). .........................13

      d.     Plaintiff's Federal False Designation of Origin Claim Must Be Dismissed Under Rule 12(b)(6). .........................14

      e.     Plaintiff's Federal Unfair Competition Claim Must Be Dismissed Under Rule 12(b)(6). .........................15

   D.  CONCLUSION ..........................................................................................15

## Table of Authorities

**Cases**

*Alioto v. Town of Lisbon*,
    651 F.3d 715 (7th Cir. 2011) ........................................................................................ 4

*Ashcroft v. Iqbal*,
    556 U.S. 662, 678 (2009) ............................................................................................ 5

*be2 LLC v. Ivanov*,
    642 F.3d 555 (7th Cir. 2011). ..................................................................................... 9

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ............................................................................................... 5, 10

*Burger King v. Rudzewicz*,
    471 U.S. 462 (1985) ................................................................................................. 3, 4

*CAE, Inc. v. Clean Air Eng'g, Inc.*,
    267 F.3d 660 (7th Cir. 2001) ............................................................................... 11, 12

*Conley v. Gibson*,
    355 U.S. 41 (1957) ...................................................................................................... 5

*Cont'l Cas. Co. v. Marsh*,
    2002 WL 31870531 (N.D. Ill. Dec. 23, 2002) ........................................................... 3

*E.E.O.C. v. Concentra Health Servs., Inc.*,
    496 F.3d 773 (7th Cir. 2007) ...................................................................................... 5

*Eilenfeldt v. United C.U.S.D. #304 Bd. of Educ.*,
    2013 U.S. Dist. LEXIS 201773 (C.D. Ill. Mar. 25, 2013) ........................................ 11

*Estée Lauder Cosmetics Ltd. v. P'ships & Unincorporated Ass'ns Identified on Schedule A*,
    334 F.R.D. 182 (N.D. Ill. 2020) ............................................................................... 13

*Gibson v. City of Chi.*,
    910 F.2d 1510 (7th Cir. 1990) .................................................................................... 4

*Goodyear Dunlop Tires Operations v. Brown*
    131 S. Ct. 2846 (2011). .............................................................................................. 6

*Helicopteros Nacionales de Colombia, S.A. v. Hall*
    466 U.S. 408 (1984). ................................................................................................... 6

*Hutchinson v. Fitzgerald Equip. Co.*
    2016 WL 878265 (N.D. Ill. Mar. 8, 2016) ................................................................ 6

*Ill. Tool Works, Inc. v. Chester Bros. Machined Prods.*,
    2006 U.S. Dist. LEXIS 57316 (N.D. Ill. July 27, 2006) ........................................ 14

*Illinois v. Hemi Group, LLC*,
    622 F.3d 754 (7th Cir.2010). ...................................................................................... 9

*International Shoe Co. v. Washington*,
    326 U.S. 310 (1945). ................................................................................................... 4

*J. McIntyre Machinery v. Nicastro*,
    131 S. Ct. 2780 (2011). ........................................................................................... 3, 9

*Jennings v. AC Hydraulic A/S*
    383 F.3d 546 (7th Cir. 2004) ...................................................................................... 3

*Killingsworth v. HSBC Bank Nev., N.A.*,
    507 F.3d 614 (7th Cir. 2007) .................................................................................... 10

*Kraft Chemical Co. v. Salicylates & Chemicals Private Ltd.*
    2015 WL 7888961 (N.D. Ill. Dec. 3, 2015). ............................................................. 7

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*,
  134 S. Ct. 1377 (2014)...................................................................................... 15
*Livingston v. Village of Dolton*,
  2003 WL 1463635 (N.D. Ill. Mar. 20, 2003)................................................ 4
*N. Am. Van Lines, Inc. v. N. Am. Moving & Storage, Inc.*,
  2020 WL 703178 (N.D. Ind. Feb. 10, 2020).............................................. 11
*Phoenix Ent. Partners v. Rumsey*,
  829 F.3d 817 (7th Cir. 2016) ...................................................................... 12
*Pro-Mold & Tool Co. v. Great Lakes Plastics, Inc.*,
  75 F.3d 1568 (Fed. Cir. 1996)..................................................................... 14
*Purdue Research Found. v. Sanofi-Synthelabo, S.A.*,
  338 F.3d 773 (7th Cir. 2003) ........................................................................ 6
*Republic Techs. (NA), LLC v. Friends Trading Inc.*,
  2020 U.S. Dist. LEXIS 185091 (N.D. Ill. Oct. 6, 2020)............................ 15
*Res. Developers, Inc. v. Statue of Liberty-Ellis Island Found., Inc.*,
  926 F.2d 134 (2nd Cir. 1991)...................................................................... 15
*Ruhrgas AG v. Marathon Oil Co.*,
  526 U.S. 574 (1999)...................................................................................... 3
*Stanard v. Nygren*,
  658 F.3d 792 (7th Cir. 2011) ...................................................................... 10
*Tamburo v. Dworkin*
  601 F.3d 693 (7th Cir. 2010). ....................................................................... 6
*Telemedicine Solutions LLC* v. *WoundRight Techs., LLC*
  27 F. Supp. 3d 883 (N.D. Ill. Mar. 14, 2014). ............................................ 8
*Three D Dept., Inc. v. K Mart Corp.*,
  670 F. Supp. 1404 (N.D. Ill. 1987) ............................................................ 10
*Top Tobacco v. Fantasia Distrib., Inc.*,
  101 F. Supp. 3d 783 (N.D. Ill. 2005) ......................................................... 12
*uBID, Inc. v. GoDaddy Grp., Inc.*
  623 F.3d 421 (7th Cir. 2010). ....................................................................... 6
*United States ex rel. Garst v. Lockheed-Martin Corp.*,
  328 F.3d 374 (7th Cir. 2003) ...................................................................... 10
*Walden v. Fiore*
  134 S. Ct. 1115 (2014). ................................................................................ 8
*Web Printing Controls Co., Inc. v. Oxy-Dry Corp.*,
  906 F.2d 1202 (7th Cir. 1990) .................................................................... 14
*World-Wide Volkswagen Corp. v. Woodson*
  444 U.S. 286 (1980)...................................................................................... 9

**Statutes**
15 U.S.C. § 1114............................................................................................. 11, 13
15 U.S.C. § 1117..................................................................................................... 11
15 U.S.C. § 1125............................................................................................. 14, 15
15 U.S.C. § 1127............................................................................................. 11, 13

**Rules**
Fed. R. Civ. P. 8..................................................................................................... 5, 10
Fed. R. Civ. P. 10............................................................................................. 4, 10, 11

FED. R. CIV. P. 12 .................................................................................................................... 4

FED. R. CIV. P. 20 .................................................................................................................. 13

Pursuant to the Federal Rules of Civil Procedure 10(b), 12(b)(2) and 12(b)(6), Defendants dumbenyu, xiaoicecream, xovo1894, thatkey, newcj2016-7, yhxclx2010, laptopallfor87, sunstarfford, Dr3ag8on, Nau34ghty, kiwi4fruit0, leihuyoumechenger, machuanjiang, tinasbox, jinshan2013, tdcq888, minseaa, topkoo, fastdealblast, yayasunya, priestly, haisea007, panda12345, lucky.warm7, lzhlds2010_6, wxfeng20168, sadleft, huasharenmin2013, savecash4you_2014, zheyuanken, huzenyo, koo97ie09, kunjiadaren, balaco.2u, oneshot77-7, wannaaone11, lilybeibei, hk-2569, Wi3ndBre1aker, 1st.4u, lollipopzuhe, hstay15, lakesaw, thsix1666, magzyyd98, twozyyd, likelyyangtuo, Mu2ff7in, urukzone, relaxtree, kellylogline10, taoyoumehgfd, smithsonshelia92, tictac88, excellbuying, supermarket8882016, tiger.vzu, in.studio, boxzyd01, 1st.ing, waldpcraik6868, dongmakjhg, gracefulvara, shibaynu, lemonpai, yaqfa-0, and Fuhui Inc (collectively, "Defendants"), by and through their undersigned counsel, move the Court for the entry of an order dismissing Plaintiff Joshua Millstein d/b/a SpillNot's ("Plaintiff") Complaint (Dkt. No. 1) (the "Complaint"). In support thereof, Defendant respectfully submits the following memorandum of law.

## I. INTRODUCTION

Plaintiff's claims against Defendants should be dismissed for lack of personal jurisdiction because Defendants do not have the requisite minimum contacts with the State of Illinois. Defendants have not sold a single accused product in this District. None. Most of the defendant stores did not make a single sale anywhere in the U.S. Plaintiff has sued Defendants, along with a number of unrelated co-defendants, in this District for trademark infringement and counterfeiting, and false designation of origin and unfair competition. Dkt. No. 1, ¶¶28-42. Notably, the Complaint is completely devoid of specific factual support for personal jurisdiction over each defendant other than a boilerplate allegation that "[e]ach Defendant runs a [']storefront['] accepting US Dollars

through Alibaba, Ali Express, Amazon, DH Gate, eBay, Newegg, Shopify, Walmart, or Wish website platforms through which each Defendant specifically targets residents in this judicial district by offering to sell and, upon information and belief, shipping infringing and/or counterfeit products to residents within the Northern District of Illinois by using Plaintiffs registered trademark or a confusingly similar mark in its product listings.…" *Id*. at 4. Contrary to Plaintiff's false allegations, however, Defendants are just online stores at the eBay and Amazon.com marketplaces. They have not directed their business activities to the State of Illinois, did not make a single sale of the accused product in this District, and could not have reasonably anticipated being hauled into court here. In fact, the operator of the Defendant stores is a foreign company who does not reside in the State of Illinois. Neither does it have any jurisdictionally significant contacts with Illinois. This Court has neither general nor specific jurisdiction over Defendants. Thus, Plaintiff's lawsuit against Defendants should be dismissed in its entirety for lack of personal jurisdiction.

Plaintiff's lawsuit against Defendants should be dismissed in its entirety as it failed to sufficiently set forth any necessary factual allegations to support its Lanham Act claims.

Additionally, Plaintiff fails to plead distinct causes of action in violation of Rules 10. Further, Plaintiff failed to allege sufficient facts that can give fair notice of the claims against Defendants and the grounds for supporting the claims to Defendants. Rather, Plaintiff merely uses labels and conclusions or a formulaic recitations of the elements of a cause of action in violation of Rule 12.

## II.    FACTUAL BACKGROUND

Defendants are online eBay and Amazon.com stores operated by the Chinese Company Shanghai Yinhe E-Commerce Company, Ltd. Defendants sell consumer goods to various countries worldwide, including the United States. eBay and Amazon.com are online marketspaces where vendors can register to sell products using the web platforms they provide.

Plaintiff filed a lawsuit against Defendants on July 16, 2021, claiming infringement of its SpillNot trademark. Dkt. No. 1. The accused infringing product sold by Defendants is a cup holder with a semicircle shaped bracket ("Accused Product"). Plaintiff alleges that "Defendants intentionally deceive and mislead consumers by creating storefronts that appear as if they are authorized online retailers who offer bona fide SpillNot goods." Dkt. No. 1, ¶23. Plaintiff further alleges that "many of the storefronts created by Defendants to sell counterfeit SpillNot goods also misuse the SpillNot Trademark or a colorable imitation of the SpillNot Trademark within the text of the online marketplace listings to intentionally mislead consumers." *Id*. at ¶24.

### III. LEGAL AUTHORITY

#### A. Personal Jurisdiction

"Personal jurisdiction…is an essential element of district court jurisdiction, without which the court is powerless to proceed to an adjudication." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 575 (1999). "Personal jurisdiction can be general or specific, depending on the extent of the defendant's contacts." *Mobile Anesthesiologists Chicago, LLC v. Anesthesia Associates of Houston Metroplex, P.A.*, 623 F.3d 440, 444 (7th Cir. 2010). "Once a defendant moves to dismiss for lack of personal jurisdiction…the plaintiff bears the burden of demonstrating the existence of jurisdiction." *Jennings v. AC Hydraulic A/S*, 383 F.3d 546, 548 (7th Cir. 2004); *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997). Notably, "[t]o determine whether exercising personal jurisdiction is proper, a court may receive and weigh affidavits." *Nelson by Carson v. Park Indus., Inc.*, 717 F.2d 1120, 1123 (7th Cir. 1983). Any conflicts in the pleadings and affidavits are to be resolved in the plaintiff's favor, but the court accepts as true any facts contained in the defendant's affidavits that remain unrefuted by the plaintiff. *Cont'l Cas. Co. v. Marsh*, No. 01 C 0160, 2002 WL 31870531, at *2 (N.D. Ill. Dec. 23, 2002) (citing *RAR, Inc.*, 107 F.3d at 1276).

Those who live or operate primarily outside a State have a due process right not to be subjected to judgment in its courts as a general matter. *J. McIntyre Machinery v. Nicastro*, 131 S. Ct. 2780, 2787 (2011); *Burger King v. Rudzewicz*, 471 U.S. 462, 471-472 (1985) (quotation omitted) (stating that the Due Process Clause of the 14th Amendment "protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations"). Personal jurisdiction over an out-of-state defendant is only appropriate if the forum state's long-arm statute permits the assertion of jurisdiction without violating due process, and due process is satisfied. *Id.* "Under the Supreme Court's well-established interpretation of the Fourteenth Amendment's due process clause, a defendant is subject to personal jurisdiction in a particular state only if the defendant had 'certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Id.* (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). This is because "[i]t is unconstitutional to force a defendant to appear in a distant court unless it has done something that should make it 'reasonably anticipate being hauled into court there.'" *Id.* at 444 (quoting *Burger King Corp.*, 471 U.S. at 474).

### B. Rule 10(b) and 12(b)(6) Motion to Dismiss

FED. R. CIV. P. 10(b) provides that "each claim founded on a separate transaction or occurrence … must be stated in a separate count or defense … [i]f doing so would promote clarity." FED. R. CIV. P. 10(b); *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) (stating that "a court may require that allegations be grouped into logical counts for claims that are 'founded on' separate transactions or occurrences"). Requiring separate counts serves two purposes: (1) it gives fair notice to the defendants of the claims against them; and (2) it enables the court to grant relief on

an entire count, not just part of a count. *See Livingston v. Village of Dolton*, 2003 WL 1463635, at *6 (N.D. Ill. Mar. 20, 2003).

A Rule 12(b)(6) motion tests the sufficiency of the complaint. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a Rule 12(b)(6) motion to dismiss, the claim first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief" (FED. R. CIV. P. 8(a)(2)), such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Second, the factual allegations in the claim must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (internal quotation marks and quotation omitted).

## IV.    ARGUMENTS

Plaintiff merely used boilerplate language in its "Jurisdiction and Venue" section, which only has three paragraphs. Plaintiff only used one paragraph ambiguously asserting personal jurisdiction over Defendants. *See* Dkt. No. 4. It is unclear whether Plaintiff is asserting general jurisdiction or specific personal jurisdiction over Defendants. But either way, this Court lacks both general and specific personal jurisdiction over Defendants.

Moreover, Plaintiff failed to allege enough facts that can give fair notice of the claims against Defendants and the grounds for supporting the claims to Defendants. Only using labels and

conclusions or a formulaic recitation of the elements of a cause of action, Plaintiff's Complaint does not raise the possibility of relief above the speculative level.

### A. This Court Lacks General Jurisdiction Over Defendants.

This Court lacks general jurisdiction over Defendants because Defendants are not "at home" in Illinois. General jurisdiction "allows a defendant to be sued in [a] forum regardless of the subject matter of the litigation." *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 787 (7th Cir. 2003). However, general jurisdiction is only permitted where "the defendant has 'continuous and systematic general business contacts' with the forum." *Id.* (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984)). "These contacts must be so extensive to be tantamount to [the defendant] being constructively present in the [forum] state to such a degree that it would be fundamentally fair to require it to answer in [the forum state's] court in *any* litigation arising out of *any* transaction or occurrence taking place *anywhere* in the world." *Id.* (emphasis in original). This standard is stringent "because the consequences can be severe: if a defendant is subject to general jurisdiction in a state, then it may be called into court there to answer for any alleged wrong committed in any place, no matter how unrelated the alleged wrong was to the defendant's contacts with the forum." *Hutchinson v. Fitzgerald Equip. Co.*, No. 1:15-CV-06521, 2016 WL 878265, at *3 (N.D. Ill. Mar. 8, 2016) (quoting *uBID, Inc. v. GoDaddy Grp., Inc.*, 623 F.3d 421, 426 (7th Cir. 2010); *Tamburo v. Dworkin*, 601 F.3d 693, 701 (7th Cir. 2010) ("The threshold for general jurisdiction is high.").

Plaintiff has pled no facts—and there are no facts—to support an argument that Defendants are "at home" in Illinois and, therefore, subject to general jurisdiction in Illinois. *Goodyear Dunlop Tires Operations v. Brown*, 131 S. Ct. 2846, 2851 (2011). Non-resident, foreign Defendants are not incorporated in, nor do they have their principal place of business located in Illinois. Defendants

are online eBay and Amazon.com stores operated by the Chinese Company Shanghai Yinhe E-Commerce Company, Ltd. Exhibit A, ¶¶3-4. These entities can therefore not be considered "at home" in Illinois. *See Advanced Tactical, Ordnance Sys., LLC*, 751 F.3d at 800. Moreover, and not surprisingly, Defendants: (1) have no office(s) or manufacturing facilities in Illinois; (2) do not manufacture anything in Illinois; (3) do not own any real property or other assets located in Illinois; (4) have no bank accounts in Illinois; (5) do not pay Illinois taxes; (6) have no telephone number, telephone listings, or mailing addresses in Illinois; and (7) have no registered agent for service of process in Illinois. Exhibit A, ¶¶6-12. In other words, Defendants do not have the necessary "continuous and systematic general business contacts" necessary for general personal jurisdiction.

As mentioned above, Defendants are not "at home" in Illinois, thus, this Court cannot exercise general jurisdiction over them. The facts at issue here are similar to those at issue in *Kraft Chemical Co. v. Salicylates & Chemicals Private Ltd.*, 14 C 04186, 2015 WL 7888961 (N.D. Ill. Dec. 3, 2015). In that case, this Court held that the plaintiff's allegations of general jurisdiction over an Indian company fell "well short of the stringent standard for establishing general jurisdiction." *Id.* at *2. The Indian company's headquarters and primary manufacturing plant were in India. *Id.* Less than two percent of the company's global sales were of the product at issue in the litigation. *Id.* Although the Indian company conducted business with another U.S. distributor, the plaintiff failed to provide any evidence of the amount of business the Indian company did with that distributor or what percentage of the company's sales were in Illinois. *Id.* at *3. The Court also concluded that the CEO's 24 visits to Illinois over 12 years and the company's solicitation of business in Illinois were insufficient to establish general jurisdiction. *Id.* Here, Defendants' headquarters are in China. Exhibit A, ¶4. They sell goods globally. *Id.* at ¶5. In fact, documents that Plaintiff has submitted show that many Defendants primarily marketed in Australia, Canada and Europe. *See* Dkt. No. 15-

2 & 15-3. Defendants do not have a U.S. distributor. Exhibit A, ¶13. Thus, like the defendant in *Kraft*, Defendants do not have any sufficient contacts with the forum state in this case. Accordingly, this Court cannot exercise general jurisdiction over Defendants.

### B. This Court Lacks Specific Jurisdiction Over Defendants

Plaintiff's claims of specific jurisdiction over Defendants also fails as Defendants' eBay and Amazon stores do not "expressly aim" their actions at the State of Illinois. *Mobile Anesthesiologists Chicago, LLC,* 623 F.3d at 445 (emphasis added). In fact, Defendants have not sold a single accused product in this District. Exhibit A, ¶15. Most of the defendant stores did not make a single sale of the accused product anywhere in the U.S. *Id.*

Specific jurisdiction mandates that the lawsuit arise out of or be related to a defendant's minimum contacts with the forum state. *RAR, Inc.*, 107 F.3d at 1277. "For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a *substantial connection* with the forum State." *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014) (emphasis added). "[A] defendant's intentional tort creates the requisite *minimum contacts* with a state only when the defendant *expressly aims* its actions at the state with the knowledge that they would cause harm to the plaintiff there." *Mobile Anesthesiologists Chicago,* 623 F.3d at 445 (emphasis added). Put another way, the express aiming test to require a showing of "injury plus" because the plaintiff must demonstrate not only that the defendant's tortious act injured it in the forum state, but that the defendant acted specifically to harm the plaintiff in the forum state. *Telemedicine Solutions LLC* v. *WoundRight Techs., LLC,* 27 F. Supp. 3d 883, 895 (N.D. Ill. Mar. 14, 2014). Most importantly, "the plaintiff cannot be the only link between the defendant and the forum." *Walden,* 134 S. Ct. at 1122 (citations omitted).

Plaintiff alleges in its Complaint that each Defendant "specifically targets residents in this judicial district by offering to sell and, upon information and belief, shipping infringing and/or counterfeit products to residents within the Northern District of Illinois by using Plaintiffs registered trademark or a confusingly similar mark in its product listings." Dkt. No. 1, ¶4. However, when these allegations are stripped of their misleading "targeting" rhetorical gloss, it is clear that Defendants' online eBay and Amazon stores do not in fact target any Illinois resident as no sale of the accused product were ever made into this District. Many Defendants' listings are not even published in the United States, and do not use U.S. dollars to list the price of their goods. *See e.g.*, Dkt. No. 15-2, p. 242 (Defendant Fuhui Inc. made the listing on Amazon.ca in Canada with the price listed in Canadian dollars); Dkt. No. 15-3, p. 1-2 (Defendant mctates made the listing on eBay.au in Australia with the price listed in Australian dollars); Dkt. No. 15-3, p. 7-9 (Defendant Nau34ghty made the listing on eBay.au in Australia with the price listed in Australian dollars); and Dkt. No. 15-3, p. 75 (Defendant panda12345 made the listing on eBay.de in Germany with the price listed in Euros).

The mere fact that Defendants offer items for sale (that obviously must be shipped) to U.S. consumers does not mean that Defendants are thereby "targeting" each state in the U.S. *See be2 LLC v. Ivanov*, 642 F.3d 555, 559 (7th Cir. 2011) ("If the defendant merely operates a website, even a "highly interactive" website, that is accessible from, but does not target, the forum state, then the defendant may not be hauled into court in that state without offending the Constitution."); *Illinois v. Hemi Group, LLC,* 622 F.3d 754, 760 (7th Cir. 2010) ("Courts should be careful in resolving questions about personal jurisdiction involving online contacts to ensure that a defendant is not hauled into court simply because the defendant owns or operates a website that is accessible in the

forum state, even if that site is 'interactive.'"). The mere possibility that Defendants may be capable of shipping a product to the forum state does not satisfy the test for specific jurisdiction. *See Id.*

The Supreme Court has held that merely placing goods into the stream of commerce without any conduct purposefully directed at the forum state fails to establish that personal jurisdiction is proper. *J. McIntyre Mach., Ltd.*, 131 S. Ct. at 2790. Thus, the fact that goods end up in the forum state, without more, is insufficient to carry the plaintiff's burden of proof regarding personal jurisdiction. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297-98 (1980) (holding that "the forum State does not exceed its powers under the Due Process Clause if it asserts personal jurisdiction over a corporation that delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum state.") (emphasis added). To hold otherwise would mean that any defendant who operated a standard e-commerce website that contains allegedly infringing material would be automatically subject to personal jurisdiction in every jurisdiction in every state. "The creation of such *de facto* universal jurisdiction runs counter to the approach the Court has followed since *International Shoe,* and that it reaffirmed as recently as February 2014 in *Walden.*" *Advanced Tactical Ordnance Sys., LLC*, 751 F.3d at 801–02. In short, the fact that Defendants operate online stores that offer an allegedly infringing or "counterfeit" item for sale to U.S. consumers (including Illinois) is not sufficient to establish specific jurisdiction.

Because of the reasons stated above, this Court lacks specific personal jurisdiction over Defendants.

### C. The Complaint Fails to State a Claim Upon Which Relief Can Be Granted.

#### a. Plaintiff's Pleading Violates Rule 10.

Rules 8 and 10 of the Federal Rules of Civil Procedure set forth general requirements for properly pleading claims in a complaint. The purpose of these rules is to "give defendants fair notice

10

of the claims against them and the grounds for supporting the claims." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) (citing *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007); *Twombly*, 550 U.S. at 555 (2007)). Rule 10 requires a plaintiff to "state his claims in separate numbered paragraphs, 'each limited as far as practicable to a single set of circumstances,' and . . . 'each claim founded on a separate transaction or occurrence' [must] be 'stated in a separate count' if 'doing so would promote clarity.'" *See Stanard*, 658 F.3d at 797. These rules "require[ ] parties to make their pleadings straightforward." *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). Courts retain the inherent power to order compliance with Rule 10(b). *Three D Dept., Inc. v. K Mart Corp.*, 670 F. Supp. 1404, 1409 (N.D. Ill. 1987).

A complaint is difficult to make sense of because it pleads multiple claims under one single count. *Eilenfeldt v. United C.U.S.D. #304 Bd. of Educ.*, 2013 U.S. Dist. LEXIS 201773, at *9 (C.D. Ill. Mar. 25, 2013). Such complaint "runs afoul of Rule 8(a), as well as Federal Rule of Civil Procedure 10(b)." *Id.* at * 10. This is what Plaintiff did in its Complaint.

Plaintiff's Count I is titled "Federal Trademark Infringement and Counterfeiting 15 U.S.C. §1114." Dkt. No. 1, p. 7. To state a claim for trademark infringement under the Lanham Act, plaintiff must establish that (1) its mark is protectable and (2) the defendant's use of the mark is likely to cause confusion among consumers. *CAE, Inc. v. Clean Air Eng'g, Inc.*, 267 F.3d 660, 673-74 (7th Cir. 2001). Counterfeiting is a particular type of trademark infringement under § 1114(1)(a) where the defendant uses "a spurious mark [that] is identical with, or substantially indistinguishable from, a registered mark." 15 U.S.C. § 1127 (defining "counterfeit"); *N. Am. Van Lines, Inc. v. N. Am. Moving & Storage, Inc.*, 2020 WL 703178, at *3-4 (N.D. Ind. Feb. 10, 2020) ("Trademark infringement, including counterfeiting, is prohibited under 15 U.S.C. § 1114[(1)](a) . . . . However, not all trademark infringement is counterfeiting."). The additional elements of counterfeiting cause

different legal consequences. For instance, a defendant who uses a counterfeit of a registered mark, as opposed to a mere colorable imitation, is subject to increased civil damages as well as criminal penalties. *See* 15 U.S.C. § 1117(b) (providing treble damages for intentional use of a counterfeit).

Here, Plaintiff pleads infringement and counterfeiting together. Consequently, Defendants is not under a clear notice of the claim against them and the grounds for supporting the claim, namely, whether Plaintiff is alleging that Defendants' goods have "a mere colorable imitation" of Plaintiff's mark, or that Defendants' goods have identical or substantially indistinguishable marks comparing to Plaintiff's mark, or both.

As such, Plaintiff's Count I Federal Trademark Infringement and Counterfeiting 15 U.S.C. § 1114 should be dismissed.

### b. Plaintiff's Federal Trademark Infringement Claim Must Be Dismissed Under Rule 12(b)(6).

In order to succeed on a trademark infringement and counterfeit claim, a plaintiff must allege "(1) that its mark is protectable, and (2) that the defendant's use of that mark is likely to cause confusion among consumers." *Phoenix Ent. Partners v. Rumsey*, 829 F.3d 817, 821 (7th Cir. 2016). "[W]hether consumers are likely to be confused about the origin of a company's products is a question of fact" governed by seven factors: "(1) similarity between the marks in appearance and suggestion; (2) similarity of the products; (3) the area and manner of concurrent use; (4) the degree of care likely to be exercised by consumers; (5) the strength of the plaintiff's mark; (6) whether actual confusion exists; and (7) whether the defendant intended to 'palm off' his product as that of the plaintiff." *CAE, Inc.*, 267 F.3d at 677-78. Because it is fact-intensive, the likelihood of confusion inquiry typically is "best left for decision after discovery." *Vulcan Golf, LLC v. Google Inc.*, 552 F. Supp. 2d 752, 769 (N.D. Ill. 2008). Therefore, the Court's role at the motion to dismiss stage is to assess whether Plaintiff has pleaded facts that plausibly could result in a successful outcome on the

12

likelihood of confusion element of its claims. *Top Tobacco v. Fantasia Distrib., Inc.*, 101 F. Supp. 3d 783, 790 (N.D. Ill. 2005). Plaintiff failed to plead enough facts to support the factors.

Other than a boilerplate pleading saying Defendants' websites "commonly use SpillNot's Trademark or a colorable imitation thereof without Plaintiff's permission," Plaintiff has not identified what mark(s) that Defendants' stores used, and how the mark(s) are similar to Plaintiff's mark. Plaintiff also did not plead facts about the degree of care likely to be exercised by consumers and the strength of Plaintiff's mark. Plaintiff pleads that "many of the storefronts created by Defendants to sell counterfeit SpillNot goods also misuse the SpillNot Trademark or a colorable imitation of the SpillNot Trademark within the text of the online marketplace listings to intentionally mislead consumers." Dkt. No. 1, ¶24. This allegation is ambiguous and insufficient to support Plaintiff's claim. It does not specify who are the "many of the storefronts." If what Plaintiff alleges is that just "many," but not "all" storefronts created by Defendants sell "sell counterfeit SpillNot goods also misuse the SpillNot Trademark or a colorable imitation of the SpillNot Trademark within the text of the online marketplace listings to intentionally mislead consumers," Plaintiff must sever its case to specifically allege specific facts regarding specific Defendants. *See Estée Lauder Cosmetics Ltd. v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, 334 F.R.D. 182, 188 (N.D. Ill. 2020) ("[I]t is not enough for a plaintiff to simply allege that multiple defendants have infringed the same patent or trademark to meet Rule 20's requirements.").

As Plaintiff's factual allegations do not support the majority of factors, Plaintiff's Complaint fails to plausibly allege infringement of Plaintiff's trademark.

### c. Plaintiff's Federal Trademark Counterfeiting Claim Must Be Dismissed Under Rule 12(b)(6).

Because trademark counterfeiting is a particular type of trademark infringement under § 1114(1)(a), when Plaintiff failed to plausibly allege infringement of Plaintiff's trademark, it simultaneously failed to plausibly allege counterfeiting of Plaintiff's trademark.

Even if Plaintiff plausibly alleged infringement of Plaintiff's trademark, it still failed on its trademark counterfeiting claim. The statute specifically defines "counterfeit" as "a spurious mark which is identical with, or substantially indistinguishable from, a registered mark." 15 U.S.C. § 1127. No such mark has been identified in Plaintiff's Complaint. For this reason Plaintiff's counterfeiting claim fails as well.

### d. Plaintiff's Federal False Designation of Origin Claim Must Be Dismissed Under Rule 12(b)(6).

To state a claim for false designation of origin under 15 U.S.C. § 1125 (a)(1)(A), plaintiff must allege that: (1) defendant used a false designation of origin or false representation in connection with its goods; (2) defendant caused those goods to enter interstate commerce; and (3) consumers are likely to be confused by the false representation. *Ill. Tool Works, Inc. v. Chester Bros. Machined Prods.*, 2006 U.S. Dist. LEXIS 57316, at *7 (N.D. Ill. July 27, 2006) (citing *Web Printing Controls Co., Inc. v. Oxy-Dry Corp.*, 906 F.2d 1202, 1204 (7th Cir. 1990)).

Plaintiff alleges that defendants "have willfully intended to trade on the recognition of, and have willfully intended to harm the reputation of Plaintiff and the SpillNot Trademark," Dkt. No. 1, ¶39, but it does not allege that the goods themselves enter interstate commerce. Absent that allegation, the false designation claim fails. *Id.*, at *9-10 (N.D. Ill. July 27, 2006) (citing *Web Printing*, 906 F.2d at 1204 (7th Cir. 1990) (stating that entry of goods into interstate commerce is an essential element of a false designation claim)).

Plaintiff also failed to allege facts to show that "consumers are likely to be confused by the false representation." As specified *supra* in §V.B, Plaintiff failed to clearly and credibly plead facts

to support the majority of factors that this Circuit uses to determine whether consumers are likely to be confused.

### e. Plaintiff's Federal Unfair Competition Claim Must Be Dismissed Under Rule 12(b)(6).

"The only basis for a federal unfair competition claim is Section 43(a) of the Lanham Act." *Pro-Mold & Tool Co. v. Great Lakes Plastics, Inc.*, 75 F.3d 1568, 1631 (Fed. Cir. 1996) (citing 15 U.S.C. § 1125 (a)(1)). "That provision prohibits false designations of origin or false or misleading descriptions of goods or services which are likely to cause confusion." *Id*. This District Court has ruled that unfair competition under the Lanham Act rises from 15 U.S.C. § 1125(a)(1)(A). *See Republic Techs. (NA), LLC v. Friends Trading Inc.*, 2020 U.S. Dist. LEXIS 185091, at *7-8 (N.D. Ill. Oct. 6, 2020). The federal "unfair competition" claim under 15 U.S.C. § 1125 (a)(1)(A) and the federal "false designation of origin" claim are the same claim. *See Res. Developers, Inc. v. Statue of Liberty-Ellis Island Found., Inc.*, 926 F.2d 134, 139 (2nd Cir. 1991) (interpreting Section 43(a) to include "two distinct causes of action: false designation of origin or source, known as 'product infringement,' and false description or representation, known as 'false advertising'"); *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1384 (2014) ("Section 1125(a) thus creates two distinct bases of liability: false association, §1125(a)(1)(A), and false advertising, §1125(a)(1)(B).").

As Plaintiff's federal false designation of origin claims fails, its federal unfair competition claims fails as well since they are the same claim.

### D. CONCLUSION

In sum, this Court lacks general or specific personal jurisdiction over Defendants. Furthermore, the Complaint is deficient under Rules 10 and 12. Therefore, Defendants respectfully request that this Court dismisses Plaintiff's Complaint as to Defendants dumbenyu, xiaoicecream,

xovo1894, thatkey, newcj2016-7, yhxclx2010, laptopallfor87, sunstarfford, Dr3ag8on, Nau34ghty, kiwi4fruit0, leihuyoumechenger, machuanjiang, tinasbox, jinshan2013, tdcq888, minseaa, topkoo, fastdealblast, yayasunya, priestly, haisea007, panda12345, lucky.warm7, lzhlds2010_6, wxfeng20168, sadleft, huasharenmin2013, savecash4you_2014, zheyuanken, huzenyo, koo97ie09, kunjiadaren, balaco.2u, oneshot77-7, wannaaone11, lilybeibei, hk-2569, Wi3ndBre1aker, 1st.4u, lollipopzuhe, hstay15, lakesaw, thsix1666, magzyyd98, twozyyd, likelyyangtuo, Mu2ff7in, urukzone, relaxtree, kellylogline10, taoyoumehgfd, smithsonshelia92, tictac88, excellbuying, supermarket8882016, tiger.vzu, in.studio, boxzyd01, 1st.ing, waldpcraik6868, dongmakjhg, gracefulvara, shibaynu, lemonpai, yaqfa-0, and Fuhui Inc.


DATED October 28, 2021.                     Respectfully submitted,

                                            By: */s/ Timothy T. Wang*
                                            Timothy T. Wang
                                            Texas Bar No. 24067927
                                            twang@nilawfirm.com
                                            **NI, WANG & MASSAND, PLLC**
                                            8140 Walnut Hill Ln., Ste. 500
                                            Dallas, TX 75231
                                            Tel: (972) 331-4600
                                            Fax: (972) 314-0900

                           **ATTORNEY FOR DEFENDANTS**

                           **CERTIFICATE OF SERVICE**

        I hereby certify that on the 28th day of October, 2021, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Illinois, Eastern Division, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

                                            */s/ Timothy T. Wang*
                                            Timothy T. Wang